An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM EDWARD MCGEE, IV,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65745

**FILED**

OCT 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of burglary. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

Appellant William Edward McGee, IV, contends that the district court erred at his sentencing hearing by denying his oral, proper person motion to withdraw his guilty plea without "more fully" exploring his request.[1] McGee claims on appeal that "he may have had a complete defense to the burglary charge," specifically, voluntary intoxication, whereas below he claimed that he was innocent and "can't admit to something I didn't do." McGee also asserts that the district court "never formally" denied his request and that it "simply died on the vine." We disagree.

"District courts may grant a motion to withdraw a guilty plea prior to sentencing for any substantial, fair, and just reason." *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001); *see* NRS 176.165. Here, after McGee's oral request, the district court reviewed and discussed

---

[1]McGee was represented by counsel at his sentencing hearing.

his plea canvass, noted that McGee stated that he felt "clear-headed" and was properly medicated at the time, and recalled that "we proceeded to talk about your case and your constitutional rights." The district court stated that it accepted McGee's guilty plea after he answered in the affirmative to the question of whether he was pleading guilty because he was, in fact, guilty of the charged offense. At that point, the district court announced, "And so today is the date and time set for sentencing in this matter. And I'm prepared to go forward with the sentencing."

We conclude that the district court's announcement amounts to a denial of the oral motion. McGee offers no relevant authority to support his claim that the district court was obligated to explore his request "more fully." Our review of the record reveals that McGee failed to either provide a substantial, fair, and just reason which required the withdrawal of his plea, *see Crawford*, 117 Nev. at 721, 30 P.3d at 1125, or satisfy his burden and prove that his plea was invalid, *see Molina v. State*, 120 Nev. 185, 190, 87 P.3d 533, 537 (2004). We conclude that the district court did not abuse its discretion by denying McGee's motion, *see Johnson v. State*, 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007), and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Lidia Stiglich, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk